## Huntley v. The Home Ins. Co., of Columbus, O.

Insurance: agency: notice.

*Appeal from Cerro Gordo District Court.*

Thursday, April 6.

Action on a policy of insurance. The answer among other things alleges:
1st. The building, when insured, was used as a dwelling, and the risk was increased by putting in a stock of furniture and cabinet shop.
2d. That there were two mortgages on the insured property at the time of the insurance, which continued to the time of the loss.

The plaintiff in his reply alleged that the increase of risk was waived by the defendant, and that the agent who effected the insurance knew of the mortgages at the time the application was made and insurance effected, and made no objection thereto.

There was a trial by jury; verdict and judgment for plaintiff; and the defendant appeals.

*Goodykoontz & Wilbur* and *F. J. Brush*, for appellant.

*Hartshorn & Flint* and *MacKenzie*, for appellee.

Rothrock, J.—In the view we take of the case, it is not necessary to notice all of the alleged errors.

On the trial the evidence was mainly directed to the two questions, the increase of the risk and the mortgages on the property.

The instructions of the court to the jury are clear in statement, covering all the questions in the case, and correctly state the law.

The increase of risk and the mortgages were admitted, and a careful

reading of the testimony as to the waiver of the increase of risk, and the knowledge of the agent as to the existence of the mortgages, has satisfied us that the verdict was manifestly contrary to the evidence, and ought not to be allowed to stand.

Especially is this true as to the agent's knowledge of the mortgages. It is true there is a conflict in the evidence on this question in the first instance; the plaintiff testifies that the agent did know of the mortgages; the agent denies such knowledge, and the defendant exhibits and introduces a letter written by the plaintiff to the home office, after the loss, in which he states, in speaking of the agent's claim that he knew nothing about the mortgages, "*that I know nothing about whether he knew of the mortgage or not,*" and the plaintiff attempted no explanation of the letter.

Under this state of proof, the jury ought to have found a verdict for the defendant, without hesitation.

REVERSED.